JUDGE BLAKEY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MAGISTRATE JUDGE KIM

18CR 726

UNDER SEAL

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Violations: Title 18, United States |
| | ) | Code, Sections 1028(a)(7), |
| ANTHONY HENRY and | ) | 1341 and 1343 |
| JEROME PACE | ) | |

FILED
OCT 2 5 2018
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

### COUNT ONE

The SPECIAL JULY 2018 GRAND JURY charges:

1.  At times material to this Indictment:

    a.  The Social Security Act of 1935 ("the Act") created the federal and state unemployment insurance system ("UI"), which was designed to provide UI benefits to persons out of work through no fault of their own. The purpose of the Act was to lessen the effects of unemployment through payments made directly to laid off workers, referred to as claimants, ensuring that at least a significant portion of the necessities of life could be met while the claimants sought employment. The unemployment insurance program was administered on behalf of the federal government by state workforce agencies in each state, including the Illinois Department of Employment Security ("IDES").

    b.  To receive UI benefits from IDES, a claimant was required to provide certain information to the IDES via telephone or the Internet. Such information included the claimant's name, mailing address, Social Security number, date of birth, last employer's name and address, and reason for separation.

c. After being found eligible for UI insurance benefits by IDES, a claimant was required to certify to IDES, every two weeks, that he or she was still entitled to benefits. This recertification of eligibility could be done via telephone or the Internet.

d. Claimants could choose to have their UI benefits paid via a state of Illinois issued or pre-paid debit card of their choosing, which was delivered to the claimant by the United States Postal Service or commercial interstate carrier to the address provided by the claimant.

2. Beginning no later than in or around January 2013, and continuing until at least in or around January 2016, at Matteson and Calumet City, in the Northern District of Illinois, Eastern Division, and elsewhere,

ANTHONY HENRY and JEROME PACE,

defendants herein, and together with others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property in the form of UI benefits from IDES, by means of materially false and fraudulent pretenses, representations, and promises, which scheme is further described below.

3. It was part of the scheme that defendants HENRY and PACE obtained and possessed personally identifiable information for hundreds of individuals, including names, addresses, social security numbers, and dates of birth, without the knowledge and consent of those individuals.

4. It was further part of the scheme that HENRY and PACE used and caused the use of the personally identifiable information of other individuals to file unemployment insurance claims in order to obtain UI benefits debit cards in the names of those individuals, all without their knowledge and consent.

5. It was further part of the scheme that PACE and HENRY caused fraudulently-obtained unemployment insurance debit cards and account statements associated with those debit cards to be mailed to addresses they controlled or had access to, rather than to the true addresses of the persons in whose names the unemployment insurance claims were opened.

6. It was further part of the scheme that PACE and HENRY used and caused the use of the fraudulently-obtained debit cards, including for the withdrawal of UI benefits from the debit cards at automated teller machines, knowing they were not entitled to those funds.

7. It was further part of the scheme that HENRY and PACE misrepresented, concealed and hid, and caused to be misrepresented, concealed, and hidden, the purposes and acts done in furtherance of the scheme.

8. On or about February 25, 2014, at Matteson, in the Northern District of Illinois, Eastern Division,

JEROME PACE,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by mail a pre-paid debit card in the name of E.C., and addressed to 33XX Clover Lane, Matteson, with an account number ending in 3765;

In violation of Title 18, United States Code, Section 1341.

## **COUNT TWO**

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraph 1 through 7 of Count One of this Indictment are re-alleged here.

2. On or November 5, 2014, at Calumet City, in the Northern District of Illinois, Eastern Division,

JEROME PACE,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by mail a pre-paid debit card in the name of S.K., and addressed to 2XX Saginaw Ave., Calumet City, with an account ending in 8192;

In violation of Title 18, United States Code, Section 1341.

## COUNT THREE

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraph 1 through 7 of Count One of this Indictment are re-alleged here.

2. On or about June 3, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

ANTHONY HENRY,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by mail a UI debit card in the name of D.B., and addressed to 80XX S. Brandon, Chicago, with an account ending in 5046;

In violation of Title 18, United States Code, Section 1341.

## COUNT FOUR

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraph 1 through 7 of Count One of this Indictment are re-alleged here.

2. On or about July 7, 2015, at Chicago, in the Northern District of Illinois, Eastern Division,

ANTHONY HENRY,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by mail a UI debit card in the name of M.C., and addressed to 72XX S. Cornell, Chicago, with an account ending in 7673;

In violation of Title 18, United States Code, Section 1341.

## COUNT FIVE

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraph 1 through 7 of Count One of this Indictment are re-alleged here.

2. On or about August 18, 2015, at Calumet City, in the Northern District of Illinois, Eastern Division,

ANTHONY HENRY,

defendant herein, for the purpose of executing the above-described scheme and attempting to do so, knowingly caused to be delivered by mail a UI debit card in the name of E.M., and addressed to 2XX Saginaw Ave., Calumet City, with an account ending in 8192;

In violation of Title 18, United States Code, Section 1341.

## COUNT SIX

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraph 1 through 7 of Count One of this Indictment are re-alleged here.

2. On or about October 22, 2014, at Lansing, in the Northern District of Illinois, Eastern Division,

ANTHONY HENRY,

defendant herein, knowingly possessed, without lawful authority, means of identification of another person, namely, an electronic identification number, which was an account number ending in 0643 on a pre-paid debit card in the name of P.E., with the intent to commit, and in connection with, unlawful activity constituting a violation of Federal law, namely mail fraud, in violation of Title 18, United States Code, Section 1341;

In violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT SEVEN

The SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraph 1 through 7 of Count One of this Indictment are re-alleged here.

2. On or about September 10, 2015, at Calumet City, in the Northern District of Illinois,

ANTHONY HENRY and
JEROME PACE,

defendants herein, knowingly possessed, without lawful authority, means of identification of another person, namely, ledgers, debit cards and electronic files containing more 100 names, dates of birth, and Social Security numbers, and debit card account numbers for various individuals, with the intent to commit, and in connection with, unlawful activity constituting a violation of Federal law, namely mail fraud, in violation of Title 18, United States Code, Section 1341;

In violation of Title 18, United States Code, Section 1028(a)(7).

## COUNT EIGHT

The SPECIAL JULY 2018 GRAND JURY further charges:

1. At times material to this Indictment:

   a. The Internal Revenue Service ("IRS") was an agency of the United States Department of Treasury responsible for enforcing and administering the tax laws of the United States, and collecting taxes owed to the Treasury of the United States.

   b. Taxpayers entitled to a refund of federal income taxes could claim that refund by filing a United States Individual Tax Return Form 1040, 1040A, or 1040EZ and certain attached forms and schedules (collectively referred to hereinafter as "Form 1040").

   c. The information that the Form 1040 required the taxpayer to provide included, but was not limited to, the taxpayer's name and address, social security number, filing status, number and personal identifying information of dependents, sources and amounts of total income for the tax year, the amount of federal income tax withheld during the tax year, any credits for which the taxpayer was eligible, and the amount of tax due or refund claimed. The taxpayer was required to provide information contained in Form W-2 for any wages or salary claimed.

   d. Forms 1040, along with attached Forms W-2, Schedules C, and any other attached forms and schedules, could be electronically filed with or mailed to an IRS service center.

11

e. Information in the Form 1040, including but not limited to the attached forms and schedules, was material to the IRS in determining and issuing taxpayer refunds under the internal revenue laws.

2. Beginning no later than in or around January 2014, and continuing until at least in or around January 2016, at Matteson and Calumet City, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEROME PACE,

defendant herein, along with others known and unknown to the Grand Jury, devised, intended to devise, and participated in a scheme to defraud and to obtain money and property from the United States Department of Treasury by means of materially false and fraudulent pretenses, representations and promises, which scheme is further described below.

3. It was part of the scheme that defendant PACE caused the preparation and filing of false and fraudulent income tax returns for tax year 2014 on behalf of various individuals, who were unaware that their names and personal identifying information were being utilized to file income tax returns. Among other things, these returns contained false representations related to items of income, deductions, and payments and falsely claimed that the individuals on whose behalf the returns were filed were entitled to income tax refunds from the IRS.

4. It was part of scheme that fraudulent Forms 1040 caused to be prepared and filed by defendant PACE and others falsely stated federal tax withholdings and

overpayments in taxes made by the purported taxpayers, when PACE knew the individuals did not have the stated federal tax withholdings or overpayments.

5. It was further part of the scheme that the fraudulent Forms 1040 caused to be prepared and filed by defendant PACE and others, falsely represented, among other things, that the purported taxpayers earned stated amounts of income, when PACE knew the individuals did not earn the income stated on the fraudulent income tax returns.

6. It was further part of the scheme that defendant PACE used pre-paid debit cards in the names of various individuals, without their consent, to receive the federal income tax refunds from the fraudulent federal income tax returns.

7. It was further a part of the scheme that defendant PACE and others caused the false and fraudulent United States Individual Income Tax Returns to be electronically transmitted via interstate wire to the IRS.

8. It was further a part of the scheme that defendant PACE and his co-schemers fraudulently claimed income tax refunds totaling in excess of $432,000.

9. It was further part of the scheme that defendant PACE concealed, misrepresented, and hid, and caused to be concealed, misrepresented, and hidden, the existence and purpose of the scheme.

10. On or about February 20, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEROME PACE,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Tax return 1040 EZ for tax payer C.L. for tax year 2014, to the IRS in Martinsburg, WV, which was false and fraudulent as to material matters, in that defendant JEROME PACE stated and falsely caused to be stated in that return:

(a) On Form 1040EZ, line 1, that Taxpayer C.L. had wages of $70,179;

(b) On Form 1040EZ, line 7, that Taxpayer C.L. had $14,947 in federal taxes withheld;

(c) On Form 1040EZ, line 13a, that Taxpayer C.L. overpaid his federal taxes in the amount of $4,084 and was entitled to a refund of that amount;

In violation of Title 18, United States Code, Section 1343.

## COUNT NINE

THE SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 9 of Count Eight are re-alleged here.

2. On or about February 16, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEROME PACE,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Tax return 1040 EZ for tax payer P.B. for tax year 2014, to the IRS in Martinsburg, WV, which was false and fraudulent as to material matters, in that defendant JEROME PACE stated and falsely caused to be stated in that return:

(a) On Form 1040EZ, line 1, that Taxpayer P.B. had wages of $84,797;

(b) On Form 1040EZ, line 7, that Taxpayer P.B. had $18,099 in federal taxes withheld;

(c) On Form 1040EZ, line 13a, that Taxpayer P.B. overpaid her federal taxes in the amount of $3,586 and was entitled to a refund of that amount;

In violation of Title 18, United States Code, Section 1343.

## **COUNT TEN**

THE SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 9 of Count Eight are re-alleged here.

2. On or about February 10, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

JEROME PACE,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Tax return 1040 EZ for tax payer S.F. for tax year 2014, to the IRS in Martinsburg, WV, which was false and fraudulent as to material matters, in that defendant JEROME PACE stated and falsely caused to be stated in that return:

(a) On Form 1040EZ, line 1, that Taxpayer S.F. had wages of $84,997;

(b) On Form 1040EZ, line 7, that Taxpayer S.F. had $17,979 in federal taxes withheld;

(c) On Form 1040EZ, line 13a, that Taxpayer S.F. overpaid her federal taxes in the amount of $3,416 and was entitled to a refund of that amount;

In violation of Title 18, United States Code, Section 1343.

## COUNT ELEVEN

THE SPECIAL JULY 2018 GRAND JURY further charges:

1. The allegations in paragraphs 1 through 9 of Count Eight are re-alleged here.

2. On or about January 30, 2015, at Chicago, in the Northern District of Illinois, Eastern Division, and elsewhere,

### JEROME PACE,

defendant herein, for the purpose of executing the scheme described above, knowingly caused to be transmitted by means of wire communication in interstate commerce certain signs and signals, namely, a United States Individual Tax return 1040 EZ for tax payer J.G. for tax year 2014, to the IRS in Martinsburg, WV, which was false and fraudulent as to material matters, in that defendant JEROME PACE stated and falsely caused to be stated in that return:

(a) On Form 1040EZ, line 1, that Taxpayer J.G. had wages of $85,897;

(b) On Form 1040EZ, line 7, that Taxpayer J.G. had $16,979 in federal taxes withheld;

(c) On Form 1040EZ, line 13a, that Taxpayer J.G. overpaid his federal taxes in the amount of $2,191 and was entitled to a refund of that amount;

In violation of Title 18, United States Code, Section 1343.

A TRUE BILL:

_____
FOREPERSON

_____
UNITED STATES ATTORNEY